IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRINITY DIGIOVANNI** | : | |
| 1327 CHERRY TREE ROAD | : | |
| ASTON, PA 19014 | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| v. | : | No. |
| | : | |
| **ASTON TOWNSHIP** | : | |
| 2 NEW ROAD | : | |
| ASTON, PA 19014 | : | |
| and | : | |
| **SERGEANT MIKEL JONES** | : | |
| 1 NEW ROAD | : | |
| ASTON, PA 19014 | : | |
| and | : | |
| **POLICE OFFICER MATTHEW T. CURRY** | : | |
| 1 NEW ROAD | : | |
| ASTON, PA 19014 | : | |
| and | : | |
| **POLICE OFFICER M. GOMER** | : | |
| 1 NEW ROAD | : | |
| ASTON, PA 19014 | : | |
| and | : | |
| **POLICE OFFICER DENNIS KILLIAN** | : | |
| 1 NEW ROAD | : | |
| ASTON, PA 19014 | : | |
| and | : | |
| **POLICE OFFICER SHANE R. COYLE** | : | |
| 1 NEW ROAD | : | |
| ASTON, PA 19014 | : | |
| and | : | |
| **POLICE OFFICERS JOHN DOE 1 – 3** | : | |
| 1 NEW ROAD | : | |
| ASTON, PA 19014 | : | |
| Defendants | : | |

**COMPLAINT**

I.  Introduction

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution on December 14, 2023, as a result of the use of excessive force and failure to intervene by the defendants in Aston, Pennsylvania.

II. **Jurisdiction and Venue**

2. This Court has jurisdiction over the claims brought under § 1983 under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania.

III. **Parties**

4. Plaintiff, Trinity DiGiovanni, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

5. Defendant, Aston Township, is a municipal agency organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

6. At all relevant times, Defendant Aston Township acted or failed to act by and through its officers, including the individually named officers, then and there acting within the course and scope of their agency, servanthood, and/or employment, under color of state law, and pursuant to the policies, practices, and customs of the Defendants, Aston Township and Aston Township Police Department.

7. Defendant, Aston Township is the final policymaker for the Aston Police Department.

8. Defendant, Sergeant Mikel Jones, was at all relevant times a sergeant of the Aston Police Department, who is being sued in his individual capacity.

9. Defendant, Police Officer Matthew Curry, was at all relevant times an officer of the Aston Police Department, who is being sued in his individual capacity.

10. Defendant, Police Officer M. Gomer, was at all relevant times an officer of the Aston Police Department, who is being sued in his individual capacity.

11. Defendant, Police Officer Dennis Killian, was at all relevant times an officer of the Aston Police Department, who is being sued in his individual capacity.

12. Defendant, Police Officer Shane R. Coyle

13. Defendants, Police Officers John Doe 1 – 3, were at all relevant times officers or employees of the Aston Police Department, who are being sued in their individual capacities, and who are designated by fictitious names because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

14. Plaintiff has undertaken a reasonable search with due diligence to determine the identity of Police Officers John Doe 1 –3.

15. At all relevant times, Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and Doe 1 – 3 acted in the course and scope of their

employment, under color of state law, and pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the Defendant, Aston Township and the Aston Police Department.

IV. **Operative Facts**

16. On Thursday, December 14, 2023, at approximately 8:00 p.m., Plaintiff arrived at her home on Cherry Tree Street in Aston, Pennsylvania.

17. At that time, date, and location, Plaintiff called the police to respond to her ex-husband who was parked in her driveway.

18. At that time, date, and location, Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3 arrived at the scene and questioned Plaintiff and her ex-husband.

19. During Defendants Sgt. Jones, Police Officers Gomer, Curry, Killian, Coyle and/or Doe 1-3's investigation, they told Plaintiff that she had a warrant for her arrest and placed her in handcuffs.

20. The handcuffs were excessively tight, causing Plaintiff to cry out in pain, and she requested they be loosened, which Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3 did not do.

21. Defendant Police Officer Gomer told Plaintiff that she was feeling pain because the handcuffs "are not supposed to be comfortable".

22. Pursuant to their investigation, Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3 decided to take Plaintiff into custody.

23. Defendant, Police Officer Curry transported Plaintiff to the Pennsylvania State Police Troop K Barracks at 1342 W. Baltimore Pike in Media, Pennsylvania.

24. At the Pennsylvania State Police Barracks, Plaintiff encountered State Trooper Reeves who handcuffed her leg to a bench.

25. Plaintiff's handcuffs on her wrist were finally removed when she sat on the bench.

26. Plaintiff was then told by State Trooper Reeves, "I'm sorry, but this was an administrative error."

27. Plaintiff was released from police custody.

28. By the aforementioned actions, Defendants, Aston Township, Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and Doe 1-3 violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to be free from the use of excessive force during the course of the arrest/detention of Plaintiff.

29. Defendant Aston Township maintained a policy, practice, or custom of acquiescing to unconstitutional conduct of police officers under their direction and control, including the conduct of Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, and Doe 1-3, including but not limited to the types of constitutional violations alleged in this complaint.

30. Defendant Aston Township and its Police Department failed to adequately train police officers under their direction and control, including

Defendants, Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and Doe 1-3, regarding the requirements of the Fourth Amendment.

31. Defendant Aston Township failed to adequately discipline police officers under their direction and control, including Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and Doe 1-3 for violating the Fourth Amendment, and more specifically, for violating the Fourth Amendment in the ways alleged in this Complaint.

32. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff suffered physical injuries, anguish, and distress and may continue to do so for an indefinite time, to her great detriment and loss.

33. As a further direct and proximate result of the above, Plaintiff has or may incur loss of earnings past, present, and/or future, and/or earning capacity, which may continue for an indefinite period into the future, to her great detriment and loss.

34. As a further direct and proximate result of the above, Plaintiff suffered the physical injuries and/or aggravations thereto, including but not limited to:

    a. Contusion of right wrist;
    b. Injury of right hand;
    c. De Quervain's tenosynovitis, right;

  d. Small full-thickness tear of the central articular disc of the tracheal fibrocartilage with associated small distal radioulnar joint effusion;

  e. Moderate extensor carpi ulnaris tendinosis with low-grade interstitial tearing;

  f. Sprain/strain of the right wrist with constant ache/pain that travels to elbow; and

  g. Ongoing numbness and tingling in pincers; and

  h. Peritendinitis of the first extensor compartment tendons.

35. As a further direct and proximate result of the above, Plaintiff has incurred various expenses for medical treatment, including but not limited to:

| | |
|---|---|
| Main Line Health Urgent Care<br>12/18/23 | $250.00 |
| Dr. Julia Mayberry<br>Philadelphia Hand Surgeon<br>12/20/23-1/23/24 | $ |
| Riddle Hospital<br>Radiology Dept<br>MRI of Right Wrist<br>1/23/24 | $ |
| Delaware County Pain Management & MRI<br>3/21/24-4/1/24 | $836.00 |

Premier Orthopedics
Dr. Cavanaugh
4/2/24                                              $717.00


Penn Medicine Radnor
X-ray of right wrist
4/30/24                                             $


Penn Medicine Radnor
Dr. Inis Lin
4/30/24-4/22/25                                     $1,574.00


Penn Medicine Radnor
MRI of right wrist
5/28/24                                             $


NovaCare Hand Therapy Glen Mills
5/_/24-present                                      $


University of Pennsylvania
Ultrasound Guided Injections
9/17/24                                             $5,620.00


University of Pennsylvania Hospital
Outpatient Surgery Center
Right wrist arthroscopy, synovectomy, TFCC debridement
And peripheral repair; right ECU exploration
1/9/25                                              $49,522.04


NovaCare Hand Therapy Glen Mills
3/3/25-present                                      $

      Equipment/Brace      $   46.00

                                             +_____

                  PARTIAL TOTAL   $58,565.04

36. As a further direct and proximate result of the above, Plaintiff has incurred various other expenses, which may continue for an indefinite period into the future, to her great detriment and loss.

**COUNT I – 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE**
**TRINITY DIGIOVANNI**
**V.**
**SERGEANT JONES, OFFICER CURRY, OFFICER GOMER, OFFICER KILLIAN, OFFICER COYLE AND OFFICERS JOHN DOE 1-3**

37. All preceding paragraphs are incorporated by reference as if fully set forth herein.

38. Defendants Jones, Curry, Gomer, Killian, Coyle and/or Doe 1-3's use of force against Plaintiff, including but not limited to placing Plaintiff in unnecessarily tight handcuffs and ignoring her requests that they be loosened were unreasonable given the circumstances.

39. Defendants, Jones, Curry, Gomer, Killian, Coyle and/or Doe 1-3's refusal to remove or loosen the excessively tight handcuffs were unreasonable given the circumstances.

40. Plaintiff was behaving cooperatively and peaceably, reasonably under the circumstances, and not in any way that would have given Defendants a reasonable basis to excessively use tight handcuffs and refuse to loosen them.

41. Regardless, Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe unnecessarily handcuffed excessively Plaintiff tightly and/or refused to unhandcuff, or readjust the handcuffs in such a manner as to cause her injury.

42. Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3's refused to loosen or readjust the handcuffs despite Plaintiff's requests.

43. The above-described acts and failures to act of Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3's violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

44. The above-described acts and failures to act of Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and Doe 1-3's were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and

deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT II – 42 U.S.C. § 1983**
**SUPERVISORY LIABILITY**
**TRINITY DIGIOVANNI**
**V.**
**SERGEANT JONES AND OFFICER DOE 1-3**

45. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

46. Plaintiff was denied relief from excessively tight handcuffs at the direction of Defendants Sgt. Jones and/or Doe 1-3.

47. Defendants Sgt. Jones and/or Doe 1-3 were aware of the violation of Plaintiff's right to be protected from excessively tight handcuffs and acquiesced to said violation.

48. All of these actions and failures to act violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

49. As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants Sgt. Jones and/or Doe 1-3, Plaintiff suffered the injuries and deprivations of rights described above.

50. The above-described acts and failures to act of Defendants Sgt. Jones, and/or Doe 1-3 in their individual capacities, were so malicious,

intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sgt. Jones and/or Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE/BYSTANDER LIABILITY**
**TRINITY DIGIOVANNI**
**V.**
**SERGEANT JONES, OFFICER CURRY, OFFICER GOMER, OFFICER KILLIAN, OFFICER COYLE, AND OFFICER DOE 1-3**

51. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

52. Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3 had a constitutional and/or statutory duty to intervene when excessive force was used against Plaintiff.

53. Each of Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3 were present when the other was violating Plaintiff's rights, knew that Plaintiff's rights were being violated, and had a

reasonable opportunity to intervene before the other used excessive force against Plaintiff.

54. Defendants Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiff sustaining injury and harm.

55. The above-described malicious, intentional, and reckless acts of Defendants caused and continue to cause Plaintiff severe pain, distress, and fear.

56. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sgt. Jones, Police Officer Curry, Gomer, Killian, Coyle and Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IV**
**CONSPIRACY**
**TRINITY DIGIOVANNI**
**V.**
**SERGEANT JONES, OFFICER CURRY, OFFICER GOMER, OFFICER KILLIAN, OFFICER COYLE, AND OFFICER DOE 1-3**

57. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

58. As demonstrated by their concerted conduct, Defendants entered into an agreement or reached a meeting of the minds to, use unnecessary excessive force on the Plaintiff.

59. The above-described actions were so malicious and intentional and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Sgt. Jones, Police Officers Curry, Gomer, Killian, Coyle and/or Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT V – 42 U.S.C. § 1983
### *MONELL* CLAIM
### TRINITY DIGIOVANNI V. ASTON TOWNSHIP

60. All preceding paragraphs are incorporated by reference as if fully set forth herein.

61. Defendant Aston Township is the final policymaker for the Aston Police Department.

62. Plaintiff believes and therefore avers that Defendant Aston Township has adopted and maintained inadequate training and policies, practices, and customs for law enforcement officers, including the individually named Defendants, regarding constitutional restraints on the use of force, specifically the tightness of handcuffs, which policy violates the Fourth and Fourteenth Amendments of the

Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1983.

63. Plaintiff believes and therefore avers that Defendant Aston Township has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, of using excessively tight handcuffs when conducting arrests, including the arrest of Plaintiff, specifically the use of excessively tight handcuffs and refused to loosen or readjust despite a complaint of pain and request to do so.

64. Plaintiff believes and therefore avers that Defendant Aston Township has systematically failed to discipline law enforcement officers, including the individually named Defendants, for using unconstitutional force in handcuffing and failing to correct subordinate officers on using unconstitutional force in excessively tight handcuffing in said manner.

65. The failure of Defendant Aston Township to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding the requirements for the use of force, specifically the tightness of handcuffs, and refusal to loosen or readjust the handcuffs was deliberately indifferent to the constitutional rights of its citizens and was the proximate cause of Plaintiff's injuries.

66. The need for Defendant Aston Township to train, supervise, and/or discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or custom of respecting constitutional limits in the tightness of handcuffs is obvious.

67. Said training and policy, custom, and/or practice, or lack thereof, violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

68. Plaintiff believes and therefore avers that Defendant Aston Township was aware of the aforementioned lack of training, policies, practices, and/or customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, in using excessively tight handcuffs and refusing to loosen or readjust them, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff, with regard to the constitutional limits on handcuffing.

69. Plaintiff believes and therefore avers that Defendant Aston Township knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training and discipline of law enforcement officials of the Aston Police Department, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

    a. Failure to provide adequate training, supervision, and discipline to officers regarding use of excessively tight handcuffs while detaining them;

    b. Failure to provide adequate training, supervision, and discipline to officers regarding properly handcuffing citizens while detaining them;

    c. Failure to provide adequate training and discipline to officers regarding how to loosen or readjust handcuffed persons while detaining them;

    d. Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons who are being handcuffed;

    e. Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations regarding handcuffing of law enforcement officers;

    f. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Aston Police Department;

    g. Failure to prevent Plaintiff from being injured and violating Plaintiff's constitutional rights by members of the Aston Police Department where Defendant knew or should have known of the dangerous propensities of said members of its Police Department and the systemic problem of police abuses in the department;

    h. Failure to restrain the use of excessive force by way of excessively tight handcuffs by members of its law enforcement agency;

    i. Failure to properly test, train, and/or select its officers with regards to proper use of force with regards to the tightness of handcuffs and legal obligation to loosen or readjust them so as not to inflict unnecessary pain and injury; and

    j. Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with her constitutional rights.

70. The deliberate indifference of the aforementioned training, policies, practices, and/or customs, or lack thereof, was the proximate cause of Plaintiff's injuries and damages and the violation of her constitutional rights.

71. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy Defendant Aston Township condoned, acquiesced in, participated in, and perpetrated the policy in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the

Laws of the United States and of the Commonwealth of Pennsylvania and in violation of 42 U.S.C. § 1983.

72. The plaintiff believes and therefore avers, that the Defendant, Aston Township has adopted and maintained for many years a recognized and accepted policy consisting of an inadequate system of review of claims of excessively tight handcuffs, which system has failed to identify instances of the use of said force, to discipline, more closely supervise or retrain officers who, in fact, improperly used excessive force in handcuffing citizens.

73. Upon information and belief, the systematic deficiencies include, but are not limited to:

   a. The preparation of investigative reports designed to vindicate officers who use excessively tight handcuffs, and the use of force, regardless of whether such actions were justified;

   b. The preparation of investigative reports which rely solely on the word of Aston Police Officers involved in the incidents and which systematically fail to credit the testimony and statements of non-officer witnesses;

   c. The preparation of investigative reports which omit factual information and physical evidence that contradicts the accounts of the officers involved; and

   d. Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

74. The aforementioned policy, practice, custom, and/or lack of training related to lack of reasonable investigation and use of excessive force by way of overly tight handcuffs is shown by past incidents involving the Aston Police Department and shows a policy, practice and/or custom and a need for training.

75. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of Defendant Aston Township, and as such caused the individual defendants to be unaware of the rules and laws governing the constitutional limits on the

tightness of handcuffs, all with the procedural result that officers are more likely to place individuals in unnecessarily tight handcuffs and refuse to loosen or readjust them in situations where such conduct is neither necessary, reasonable, nor legal.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendant Aston Township in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

Abramson & Denenberg, P.C.

/s/ *Alan E. Denenberg*
ALAN E. DENENBERG, ESQUIRE


/s/ *Richard L. Stutman*
RICHARD L. STUTMAN, ESQUIRE